UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                       :
UNITED STATES OF AMERICA,                              :
                                                       :
                         Plaintiff,                    :
                                                       :                06-cr-444 (LJL)
            -v-                                        :
                                                       :                MEMORANDUM &
RHONDA EATON,                                          :                ORDER
                                                       :
                         Defendant.                    :
                                                       :
------------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 07/18/2020

LEWIS J. LIMAN, United States District Judge:

Defendant Rhonda Eaton moves by letter to seal her conviction in the above-captioned case. In Ms. Eaton's letter, she states that she seeks expungement of her criminal record to enhance her career opportunities.

Regrettably, the Court lacks subject matter jurisdiction over this matter. In *Doe v. United States*, the Second Circuit held that district courts do not possess jurisdiction to consider a motion to seal or expunge records of a valid conviction, such as Ms. Eaton's. 833 F.3d 192, 195 (2d Cir. 2016). Congress has only authorized district courts to expunge lawful convictions in certain limited circumstances not present in this case. *See id.* at 199; *United States v. Rodriguez*, 2020 WL 881991, at *2 (S.D.N.Y. Feb. 24, 2020); *United States v. King*, 2022 WL 92777, at *2 (S.D.N.Y. Jan. 10, 2022). The Court additionally lacks ancillary jurisdiction for the reasons expressed in *Doe*. 833 F.3d at 196–99.

The Court is sympathetic to Ms. Eaton's request. More than two decades have elapsed since her conviction and the conviction would be inadmissible as evidence in most circumstances. Dkt. No. 5; *see, e.g.*, Fed. R. Evid. 609. She is not however, wholly without recourse. The State of New York, the City of New York, and many other locales have

established employment protections for individuals, such as Ms. Eaton, "who are qualified to participate in the lawful economy and deserve to be considered for employment irrespective of their criminal histories." *United States v. King*, 2017 WL 4326492, at *2 (E.D.N.Y. Sept. 28, 2017). *See, e.g.*, *N.Y. Corr. Law*, §§ 750-755 (prohibiting certain employers from making employment decisions based on an applicant or employee's prior conviction, subject to certain exceptions); N.Y.C. Admin. Code § 8-107(10) (prohibiting certain employers from denying employment or taking any adverse employment action on the basis of an applicant or employee's prior conviction, subject to certain exceptions). "Moreover, as the Second Circuit observed in *Doe*, Congress has provided an expungement procedure in other contexts, and '[i]t might consider doing so again for certain offenders who . . . want and deserve to have their criminal convictions expunged after a period of successful rehabilitation.'" *King*, 2017 WL 4326492, at *2 (citing *Doe*, 833 F.3d at 199–200).

Until that time, however, the Court unfortunately does not have the power to consider Ms. Eaton's petition and the Court hereby denies Ms. Eaton's letter motion for lack of subject matter jurisdiction.

The Clerk of Court is respectfully requested to mail a copy of this order to Ms. Eaton at the return address provided on her letter.

SO ORDERED.

Dated: July 18, 2024
     New York, New York

                                    LEWIS J. LIMAN
                          United States District Judge